Thomas Kummer, Esq.
*Pro Hac Vice*
2164 Siesta Avenue
Las Vegas, Nevada 89109
Telephone: 1-775-338-3705
Facsimile: 1-509-696-4871
e-mail: reno4829@aol.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Professional Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>CAN PAY MINING CO., INC. and Arizona Corporation; DAVID AND TERRI FLASHA, Husband and Wife; DT LIVING TRUST DATED JANUARY 16, 2003, David P. Flasha and Terri A. Flasha, co-trustees David Flasha Trustee; ABC persons and entities I-X,<br><br>Defendants. | NO. 05-0637 PHX ROS<br><br>**NOTICE THAT CONTINUED STAY WITH RESPECT TO DEFENDANTS OTHER THAN TERRI ANN FLASHA IS NO LONGER NECESSARY**<br><br>**AND**<br><br>**MOTION FOR THE ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT** |

**SUMMARY OF MOTION**

Defendants have failed to comply with the Order of the Court dated 10-25-06 (DOC 59)[1] requiring the corporate defendants to obtain counsel and individual defendants to either (1) retain counsel; or (2) opt to represent themselves, but in either event advise the Court of their

[1] **Full docket text for document 59 (10/25/06):**
ORDER the status conference set for October 26, 2006 at 10:00 a.m. is Vacated. FURTHER ORDERED Dft Can Pay Mining Co., Inc., has thirty days from the date of this Order to obtain counsel. Defendants David and Terri Flasha also have thirty days from the date of this Order to either obtain counsel or opt to represent themselves. Dfts Can Pay Mining Co., Inc., David Flasha, and Terri Flasha shall file a report no more than thirty days from the date of this Order setting forth the name of counsel for Can Pay Mining Co., Inc. and David and Terri Flasha's decision regarding counsel. FURTHER ORDERED the parties are to submit a joint status report by February 12, 2007. Status Report due by 2/12/2007. Signed by Judge Roslyn O Silver on 10/25/06. (KMG)

decision no later than November 25, 2006. Defendants have (1) failed to maintain their contact with counsel; (2) failed to keep contact with the Court; (3) failed to abide by the Orders of the Court; (5) failed to keep their corporate charter current[2]; and (6) failed to file an Answer. Defendant David Flasha escaped the jurisdiction of this Court to the Country of Philippines. Terri Flasha has filed a Chapter 7 Bankruptcy[3]. From these facts the Court may well conclude that Defendants lack any defenses to the Complaint, and that Plaintiff is entitled to Judgment.

For these reasons, and on the bases more fully set forth in the following Memorandum of Points and Authorities, Plaintiff respectfully requests that the Court enter a Default and Judgment by Default against the Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Status of the Case:**

Plaintiff filed its Verified Complaint on February 2, 2005. (DOC 1) On April 4, 2005, Defendants filed a Motion To Dismiss (DOC 24) by and through their counsel Mr. Thomas Hoidal; however, the prosecution of this Motion has been abandoned by Defendants. On March 24, 2006, Terri Flasha filed a Notice of Filing Bankruptcy (DOC 49) which stayed the case against her. On April 7, 2006, Mr. Hoidal filed a Motion to Withdraw as counsel for Defendants (DOC 50). No Answer has been filed by any Defendant. The Motion To Dismiss was dilatory from its inception and has no merit. It was obviously filed to avoid filing an Answer as to the

---

[2] According to online corporate records, Can Pay Mining, Inc. is not in good standing for the following reasons: (1) Undeliverable Address; and (2) Lack of Annual Report filing.

[3] 4:06-bk-00108-JMM TERRI ANN FLASHA; Case type: bk Chapter: 7 Asset: Yes Vol: v Judge: James M. Marlar ; Date filed: 02/21/2006. – This Motion does not seek judgment against Terri Flasha.

merits of the Plaintiffs' allegations. This Court should deny the Motion To Dismiss and require the Defendants to answer immediately.

On 04-18-06, the court entered its Order staying this matter as follows: 1. Until such time as a lift stay order is entered in the bankruptcy proceeding 4:06-bk-000108 JMM permitting this action to continue against Terri Ann Flasha; or 2. Either party advises the Court that a continued stay against the non-bankruptcy filing defendants is no longer necessary[4]. On the same day, the Court entered its Order permitting the withdrawal of Thomas Hoidal as counsel for Defendants (DOC 54).

**Argument and Law**

Since the withdrawal of Mr. Hoidal, no communication has been possible with any of the Defendants. For example, counsel sent the proposed Joint Status Report to the Defendants at their last known address, without response. Counsel has no telephone number for Mr. Flasha. Mr. Flasha has failed to respond to e-mails seeking his participation in the case. Defendant Can Pay Mining Co., Inc. is not in good standing with the Arizona Corporation Commission. It is as if the Defendants fell of the face of the Earth. It is apparent that Defendants have abandoned this case altogether and do not care what happens here. Can Pay Mining Co., Inc; DT Living Trust Dated January 16, 2003, and David Flasha have gone *incognito*.

---

[4] **Full docket text for document 53(04-18-06):**
ORDER re [51] STIPULATION *to Stay the Proceeding* by Can Pay Mining Inc, David Flasha, Terri Flasha, DT Living Trust Dated January 16, 2003. This matter is stayed as follows: 1. Until such time as a lift stay order is entered in the bankruptcy proceeding 4:06-bk-000108 JMM permitting this action to continue against Terri Ann Flasha; or 2. Either party advises the Court that a continued stay against the non-bankruptcy filing defendants is no longer necessary. Signed by Judge Roslyn O Silver on 04/17/06. (KCS)

Defendants' (1) failure to maintain their contact with counsel; (2) failure to keep contact with the Court; (3) failure to abide by the Orders of the Court; (5) failure to keep their corporate charter current; (6) the escape of the major wrongdoer to the Country of Philippines; and (7) failure to file an Answer or pursue the Motion To Dismiss all point to conduct from which the Court may well conclude that Defendants lack any defenses to the Complaint, and that Plaintiff is entitled to Judgment.

The Supreme Court's decision in *Hammond Packing Co. v. Arkansas*, 212 U.S. 322 (1909), is instructive in this respect. In *Hammond Packing*, the State of Arkansas brought suit against Hammond Packing for allegedly violating a state anti-trust law. *Hammond Packing*, 212 U.S. at 334. The Attorney General of Arkansas sought to depose various agents of Hammond Packing. Id. at 336. Hammond Packing refused to attend the properly scheduled depositions, claiming that attending the depositions would be overly burdensome. Id. at 339. Even though the trial court rejected Hammond Packing's argument, the company refused to attend future depositions. Id. As a result, the trial court struck Hammond Packing's answer and ordered default judgment in favor of Arkansas. Id. at 341-42.

The Supreme Court recognized that a trial court generally cannot order default against a party as a sanction for misconduct that is unrelated to the merits of the case. Id. at 349-50 (relying on *Hovey v. Elliot*, 167 U.S. 409 (1897)). However, ***the Court determined that Hammond Packing's refusal to submit to a deposition was related to the merits***. Id. at 350. "This case presents a failure by the defendant to produce what we must assume was material evidence in its possession . . . ." Id. Hammond Packing's "refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted

defense." Id. at 351. "[T]he law of the United States, as well as the laws of many of the states, afford examples of striking pleadings and adjudging by default for a failure to produce material evidence, the production of which has been lawfully called for." Id. (citations omitted). Because Hammond Packing refused to attend lawfully scheduled depositions, default judgment in favor of Arkansas was appropriate. Id.[5]

Defendants' utter abandonment of this case also relates to the merits, for lack of merit is the only possible reason for the abandonment of the case. Plaintiff respectfully requests that the Court enter Judgment against all Defendants except Terri Flasha because as to her the cause remains stayed by the Bankruptcy proceeding.

The proposed form of Judgment is appended hereto pursuant to ECF Rule G(1)(a).

RESPECTFULLY submitted this 13th day of December, 2006.

Peter Strojnik for Thomas Kummer
*Pro hac vice*
Attorney for Plaintiff

---

[5] There are limits, however, on the power of courts to impose sanctions. The need for the orderly administration of justice does not permit violations of due process. See *Phoceene Sous Marine, S.A. v. U.S. Phosmarine, Inc.* 682 F.2nd 802, 805-06 (9th Cir 1982) (recognizing that willful deceit and conduct utterly inconsistent with the orderly administration of justice would merit the imposition of severe sanctions, but finding that because defendant's deceit -- falsely stating that he was too ill to attend trial -- was unrelated to the merits of the controversy the sanction was inconsistent with due process); *Securities and Exchange Commission v. Seaboard Corp., 666 F.2d 414, 416-17 (9th Cir. 1982)* (finding that a default judgment against the defendant for failure to pay a fine when the defendant had complied with an order to give a deposition was punitive and a violation of due process as the court could not presume that the case lacked merit); see also *Hovey v. Elliott*, 167 U.S. 409, 413-14, 17 S.Ct. 841, 843, 42 L.Ed. 215 (1897) (finding that courts may not strike an answer and enter a default merely to punish a contempt of court unrelated to merits of case).

**PROOF OF SERVICE**

The original of the foregoing
Filed electronically this 13th day of December, 2006, with:

The Clerk of the United States District Court
401 West Washington
Phoenix, Arizona 85003

Copy mailed to:

David Flasha
c/o GITA, Southwest International Trading Corp
G/F Cacho Gonzales Bldg, 101 Aguirre Street
Legaspi Village, Makati City
Manila, Philippines
Defendant and Co-Trustee of the DT Living Trust Dated January 16, 2003

and

Terri Flasha
399 West Via De Arboles
Queen Creek, Arizona 85242
Defendant and
Statutory Agent for Can Pay Mining, Inc. and
Co-Trustee of the DT Living Trust Dated January 16, 2003

______________________________

Thomas Kummer, Esq.
*Pro Hac Vice*
2164 Siesta Avenue
Las Vegas, Nevada 89109
Telephone: 1-775-338-3705
Facsimile: 1-509-696-4871
e-mail: reno4829@aol.com
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

PETER STROJNIK, P.C., an Arizona Professional Corporation;

Plaintiffs,

vs.

CAN PAY MINING CO., INC. and Arizona Corporation; DAVID AND TERRI FLASHA, Husband and Wife; DT LIVING TRUST DATED JANUARY 16, 2003, David P. Flasha and Terri A. Flasha, co-trustees David Flasha Trustee; ABC persons and entities I-X,

Defendants.

NO. 05-0637 PHX ROS

**JUDGMENT**

**(Against Can Pay Mining Co., Inc; David Flasha; and DT Living Trust Dated January 16, 2003 only)**

1. On October 25, 2006, the Court entered its Order (DOC 59) requiring Defendant Can Pay Mining Co., Inc., to obtain counsel within 30 days from the date of the Order. The Order additionally required Defendants David and Terri Flasha to either obtain counsel or opt to represent themselves. All Defendants were ordered to file a report within thirty days setting forth the name of counsel for Can Pay Mining Co., Inc. and David and Terri Flasha's decision regarding counsel.

2. Defendants have failed to comply with the Order of the Court dated October 25, 2006.

3. On December 11, 2006, Plaintiff filed a Motion for the Entry of Default and Judgment by Default (DOC ____). The Motion indicated that Defendants have (1) failed to maintain their contact with counsel; (2) failed to keep contact with the Court; (3) failed to abide by the Orders of the Court; (5) (Defendant Can Pay Mining Co., Inc.0 failed to keep its corporate charter current; and (6) failed to file an Answer. The Motion also stated that Defendant David Flasha escaped the jurisdiction of this Court to the Country of Philippines, and that Terri Flasha has filed a Chapter 7 Bankruptcy.

4. Defendants have failed to timely file a Response to the Motion for the Entry of Default and Judgment by Default. Pursuant to LRCiv 7.2(i), the Court deems Defendant's failure to conform to LRCiv 7.2 as consent to the granting of the Motion for the Entry of Default and Judgment by Default. Further, the Court concludes that Defendants have abandoned their right to defend against the allegations of the Complaint on the merits.

NOW, THEREFORE, the Court enters Judgment against Can Pay Mining Co., Inc., DT Living Trust dated January 16, 2003 as the entity that acquired property through the offenses alleged in the Verified Complaint, and in favor of Plaintiff Peter Strojnik, P.C., as follows:

1. $195,090.00 on Count 3 of the Complaint (Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961-1968.

2. $195,090.00 on Count 6 (Pattern of Unlawful Activity in Violation of State Statute (A.R.S. 13-2314.04) trebled to $582,270.00.

3. $195,090.00 on Count 9 (Common Law Fraud)

4. $195,090.00 on Count 12 (Misrepresentation)

5. $195,090.00 on Count 15 (Concealment)

6. $74,780.75 on Count 16 (Breach of Contract) for General Representation and $54,870.00 for Wintergreen Representation, for the total of $129, 650.75.

7. For pre judgment interest and post judgment interest on $74,780.75 for General Representation from 12-14-04 and for pre judgment interest and post judgment interest on $54,870.00 for Wintergreen Representation from October 20, 2004, for the total interest of $40,275.84 as of December 31, 2006.

8. Amounts referenced in paragraphs 2, 6 and 7 are cumulative, entitling Plaintiff to a total judgment in the amount of $752,196.59 as of December 31, 2006 )("Total Judgment") Amounts referenced in Paragraphs 1, 3, 4, 5 are included in the Total Judgment.

9. For interest at the highest legal rate on the Total Judgment from December 31, 2006, until paid in full.