Thomas Kummer, Esq.
*Pro Hac Vice*
2164 Siesta Avenue
Las Vegas, Nevada 89109
Telephone: 1-775-338-3705
Facsimile: 1-509-696-4871
e-mail: reno4829@aol.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Professional Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>CAN PAY MINING CO., INC. and Arizona Corporation; DAVID AND TERRI FLASHA, Husband and Wife; DT LIVING TRUST DATED JANUARY 16, 2003, David P. Flasha and Terri A. Flasha, co-trustees David Flasha Trustee; ABC persons and entities I-X,<br><br>Defendants. | NO. 05-0637 PHX ROS<br><br>**VERIFIED APPLICATION FOR SUPPLEMENTAL RELIEF AUTHORIZED BY STATUTE** |

## SUMMARY OF VERIFIED APPLICATION

On 01-24-07, this Court entered judgment in favor of Plaintiff/Judgment Creditor and against Defendants/Judgment Debtors (other than Defendant Terri Flasha) (DOC 64). The Judgment awarded Plaintiff damages for racketeering in the amount of $582,270.00. By virtue of A.R.S. § 13-2314.04 (D)(6), Judgment Debtors are "involuntary trustees" of various ill gotten properties for the benefit of Judgment Creditor:

> A person or enterprise that acquires any property through an offense included in the definition of racketeering in section 13-2301, subsection D, paragraph 4 or a violation of section 13-2312 is an involuntary trustee. The involuntary trustee and any other person or enterprise, except a bona fide

purchaser for value who is reasonably without notice of the unlawful conduct and who is not knowingly taking part in an illegal transaction, hold the property, its proceeds and its fruits in constructive trust for the benefit of persons entitled to remedies under this section.

On 02-28-05, Judgment Creditor filed a Notice of Involuntary Trusteeship setting forth the language of §13-2314.04 (D)(6) (DOC 2) and, pursuant to A.R.S. §12-1191, timely recorded it with the Pinal County Recorder. Judgment Creditor is now entitled to an order directing Judgment Debtors to turn over the property held by them as involuntary trustees, including the following specific items of property: (1) Real property located at 399 West Via De Arboles in Queen Creek, Arizona owned by Judgment Debtor DT Trust; and (2) Miscellaneous concentrates ("Property").

This Application is more fully supported by the Affidavit filed on 12-13-06 (DOC 61), the entirety of the file, and the following Memorandum of Points and Authorities all of which are by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

*FACTS OF RECORD*

1. On 06-01-98, Terri Flasha and David Flasha ("The Flashas") acquired the property at 399 West Via De Arboles ("Property") as "joint tenants with right of survivorship". *See* Pinal County Recorded document 1998-021628. The legal description of the Property is:

    LOT 15, VINWOOD ESTATES UNIT NO. 1, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, in Cabinet C, Slide 2 and affidavit of correction recorded in Document No. 1197-40770. (Judicial Notice)

2. On 03-31-03, the Flashas executed a Special Warranty Deed transferring the property to DT Living Trust dated January 16, 2003. ("DT Trust"). The Special Warranty Deed is recorded

with the Maricopa County Recorder at 03-0424828. (Judicial Notice)

3. On 02-28-05, Plaintiff/Judgment Creditor filed a state and federal racketeering and fraud complaint against the Flashas, DT Trust and Can Pay Mining Co., Inc. (DOC 1) The Verified Complaint made the following specific allegations with respect to DT Living Trust in connection with the allegations of violation of A.R.S. § 13-2314.04:

> **DT Living Trust is the beneficiary of Can Pay's and Flasha's unlawful activities.** (Emphasis added) (Judicial Notice)

4. Also on 02-28-05, Plaintiff filed a Notice of Involuntary Trusteeship (DOC 2). The Notice states: (Judicial Notice)

> PLEASE TAKE NOTICE that A.R.S. § 13-2314.04(D)(6) (the "Statute") provides as follows:
>
> > A person or enterprise that acquires any property through an offense included in the definition of racketeering in section 13-2301, subsection D, paragraph 4 or a violation of section 13-2312 is an involuntary trustee. The involuntary trustee and any other person or enterprise, except a bona fide purchaser for value who is reasonably without notice of the unlawful conduct and who is not knowingly taking part in an illegal transaction, hold the property, its proceeds and its fruits in constructive trust for the benefit of persons entitled to remedies under this section.
>
> A cause of action for racketeering has been asserted against the defendants named in the caption above. The Plaintiffs herein, by and through counsel, hereby asserts all rights and title, liens and encumbrances authorized by law against these named defendants. A copy of the Complaint filed in this action may be obtained in person directly from the Clerk of the United States District Court for the District of Arizona located at 401 West Washington, Phoenix, Arizona 85003 , or by requesting the same from the undersigned counsel in writing, accompanied by a self addressed, stamped envelope.

5. The Notice of Involuntary Trusteeship was recorded on 03-07-05 with the Pinal County Recorder at fee number 2005-023639. (Judicial Notice)

6. Pursuant to the terms of the Statute, the Judgment Debtors and any other person or

enterprise, except a bona fide purchaser for value who is reasonably without notice of the unlawful conduct and who did not knowingly take part in the illegal transactions which form the basis of the Judgment, hold the property, its proceeds and its fruits in constructive trust for the Judgment Creditor. (A.R.S. § 13-2314.04[D][6])

7. Judgment Debtors acquired the following property through an offense included in the definition of racketeering in section 13-2301, subsection D, paragraph 4 or a violation of section 13-2312 is an involuntary trustee: (i) real property located at 399 West Via De Arboles in Queen Creek, Arizona; and (ii) miscellaneous concentrates ("Property"). (Judgment DOC 64[1]; Verification)

8. The value of the Property is less than the portion of the Judgment ($582.270.00) for which involuntary trusteeship is statutorily impressed.

---

[1] **_The Fact That Judgment Debtors Hold the Property as Involuntary Trustee is Res Judicata_**

As between Judgment Creditor and Judgment Debtors, the question of whether Judgment Debtors were the beneficiaries of "Can Pay's and Flasha's unlawful activities" has been decided: David Flasha and Can Pay Mining committed the racketeering, and DT Trust was the beneficiary of Can Pay's and Flasha's racketeering. By definition, the doctrine of collateral estoppel prevents relitigation by the parties of issues actually litigated and necessarily decided in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 58 L. Ed. 2d 552, 99 S. Ct. 645 n.5 (1979); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir. 1985)]. The doctrine of issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979), quoted in Americana, 754 F.2d at 1529. "In both the offensive and defensive use situations the party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979). Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 60 L. Ed. 2d 767, 99 S. Ct. 2205 (1979), quoted in *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985).

Default judgments are considered "final judgments on the merits" and are thus effective for the purposes of claim preclusion. *Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) (citing *Morris v. Jones*, 329 U.S. 545, 550-51,

## JUDGMENT CREDITOR IS ENTITLED TO AN ORDER DIRECTING JUDGMENT DEBTORS TO TRANSFER PROPERTY SUBJECT TO INVOLUNTARY TRUSTEESHIP TO JUDGMENT CREDITOR

The Notice of Involuntary Trusteeship was duly filed in this Action (DOC 2) and recorded in the Pinal County Recorder's office pursuant to ARS § 12-1191[2]. In the matter at hand, by virtue of the legislative expression of the constructive trust, Judgment Debtors "hold the [P]roperty, its proceeds and its fruits in constructive trust for the benefit of [Judgment Creditor]" *See* A.R.S. § 13-2314.04(D)(6) [dealing with private actions] and 13-2314(F) [dealing with actions brought by the Attorney General].

In order to grant Plaintiff/Judgment Creditor the full relief authorized by statute, Plaintiff respectfully requests that this Court enter an order as follows:

1. Affirming the involuntary trusteeship authorized by statute and necessarily decided in the Judgment; and

2. Ordering Judgment Debtors to execute quit claims deeds or other documents transferring title to the Property as may be required to affect the intent of the statute; and

---

91 L. Ed. 488, 67 S. Ct. 451 (1947) and noting that a default judgment "is considered to be a determination on the merits for purposes of res judicata")

[2] 12-1191. <u>Notice of pendency of action affecting title to real property; filing; constructive notice to purchaser or encumbrancer; release of notice of pendency of action; failure to issue release; liability</u>
A. In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter, and the defendant at the time of filing the defendant's pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. In any action to foreclose a mechanics' or materialmen's lien pursuant to title 33, chapter 7, article 6, the lien claimant shall file a notice of pendency of action as prescribed by section 33-998 within five days of filing the action or raising the defense. The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

3. Lacking a compliance with the Order to transfer the Property within time certain, granting title to Property to Judgment Creditor.

### PRAYER FOR RELIEF

For the foregoing reasons Plaintiff/Judgment Creditor respectfully requests that the Court issue the Order a proposed form of which is appended hereto as Exhibit "A".

RESPECTFULLY submitted this 26th day of February, 2007.

Thomas Kummer
*Pro hac vice*
Attorney for Plaintiff

### VERIFICATION UNDER THE PENALTY OF PERJURY

The undersigned Plaintiff verifies under the penalty of perjury that he has read the foregoing, and that the same it true and correct to be best of his information and belief.

DATED this 26th day of February, 2007.

Peter Strojnik

# PROOF OF SERVICE

The original of the foregoing
Filed electronically this 26th day of February, 2007, with:

The Clerk of the United States District Court
401 West Washington
Phoenix, Arizona 85003

Copy mailed to:

David Flasha
c/o GITA, Southwest International Trading Corp
G/F Cacho Gonzales Bldg, 101 Aguirre Street
Legaspi Village, Makati City
Manila, Philippines
Defendant and Co-Trustee of the DT Living Trust Dated January 16, 2003

and

Terri Flasha
399 West Via De Arboles
Queen Creek, Arizona 85242
Defendant and
Statutory Agent for Can Pay Mining, Inc. and
Co-Trustee of the DT Living Trust Dated January 16, 2003

_/s/ [signature]_

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Professional Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>CAN PAY MINING CO., INC. and Arizona Corporation; DAVID AND TERRI FLASHA, Husband and Wife; DT LIVING TRUST DATED JANUARY 16, 2003, David P. Flasha and Terri A. Flasha, co-trustees David Flasha Trustee; ABC persons and entities I-X,<br><br>Defendants. | NO. 05-0637 PHX ROS<br><br>**ORDER**<br><br>(Against Can Pay Mining Co., Inc; David Flasha; and DT Living Trust Dated January 16, 2003 only) |

Plaintiff/Judgment Creditor filed its Application for Supplemental Relief (DOC 66) supported by the verification of Peter Strojnik and publicly recorded documentation.

**THE COURT FINDS**:

1. On 06-01-98, Defendant/Judgment Debtor David Flasha and his spouse Defendant Terri Flasha acquired as joint tenants with the right of survivorship the property at 399 West Via De Arboles legally described as:

> LOT 15, VINWOOD ESTATES UNIT NO. 1, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, in Cabinet C, Slide 2 and affidavit of correction recorded in Document No. 1197-40770.

2. On 03-31-03, Defendant/Judgment Debtor David Flasha and his spouse Defendant Terri Flasha executed a Special Warranty Deed transferring the Property to Defendant/Judgment Debtor DT Living Trust Dated January 16, 2003. The Special Warranty Deed is recorded with the Maricopa County Recorder at 03-0424828.

-1-

3. On 02-28-05, Plaintiff/Judgment Creditor filed a state and federal racketeering and fraud complaint against David and Terri Flasha, DT Trust and Can Pay Mining Co., Inc. (DOC 1)

4. Also on 02-28-05, Plaintiff/Judgment Creditor filed with the Court a Notice of Involuntary Trusteeship (DOC 2).

5. The Notice of Involuntary Trusteeship was recorded on 03-07-05 with the Pinal County Recorder at fee number 2005-023639 pursuant to ARS § 12-1191.

6. On 01-24-07, Judgment was entered in favor of Plaintiff/Judgment Creditor and against Defendants/Judgment Debtors David Flasha, DT Living Trust dated January 16, 2003, and Can Pay Mining, Inc. (DOC 64)

7. Defendants/Judgment Debtors acquired property through an offense included in the definition of racketeering in A.R.S. § 13-2301, subsection D, paragraph 4 or a violation of section 13-2312, including: (i) real property located at 399 West Via De Arboles in Queen Creek, Arizona legally described above; and (ii) miscellaneous concentrates.

8. Pursuant to the terms of A.R.S.; §13-2314. (D)(6), Judgment Debtors and any other person or enterprise, except a bona fide purchaser for value who is reasonably without notice of the unlawful conduct and who did not knowingly take part in the illegal transactions which form the basis of the Judgment, hold the property, its proceeds and its fruits in constructive trust for the Judgment Creditor. (A.R.S. § 13-2314.04[D][6])

Accordingly,

**IT IS ORDERED** that Judgment Debtors shall, within ten (10) days of the date of this Order, execute and deliver to counsel for Judgment Creditor a quit-claim deed to any and all rights, title and interest that Judgment Debtors now have or have had on the date of the

recording of the Notice of Involuntary Trusteeship to (i) the real property legally described as LOT 15, VINWOOD ESTATES UNIT NO. 1, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, in Cabinet C, Slide 2 and affidavit of correction recorded in Document No. 1197-40770 and to (ii) miscellaneous concentrates.

**IT IS FURTHER ORDERED** that in the event Judgment Debtors fail to abide by this Order within the ten (10) days specified herein, then all the rights, title and interest that Judgment Debtors now have or have had on the date of the recording of the Notice of Involuntary Trusteeship to (i) the real property legally described as LOT 15, VINWOOD ESTATES UNIT NO. 1, according to the plat of record in the office of the County Recorder of Pinal County, Arizona, in Cabinet C, Slide 2 and affidavit of correction recorded in Document No. 1197-40770 and to (ii) miscellaneous concentrates, shall transfer to Judgment Creditor effective on the date of the recording of the Notice of Involuntary Trusteeship.