1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7            FOR THE DISTRICT OF ARIZONA
8
9   Peter Strojnik, P.C., an Arizona)   No. CV-05-0637-PHX-ROS
    Professional Corporation,         )
10                                     )   **ORDER**
                   Plaintiff,          )
11                                     )
    vs.                                )
12                                     )
                                       )
13  Can Pay Mining Co., Inc, an Arizona)
    Corporation; David Flasha; DT Living)
14  Trust Dated January 16, 2003, David P.)
    Flasha and Terri A. Flash, co-trustees,)
15  David Flasha Trustee; ABC persons and)
    entities I-X,                      )
16                                     )
                   Defendants.         )
17                                     )
                                       )
18  _____)
19
20        Pending before the Court is an Application for Supplemental Relief and a Motion to
    Reopen Case.  For the following reasons, both requests will be denied.
21
          On January 24, 2007, the Court entered judgment against Can Pay Mining, Inc., DT
22
    Living Trust, and David Flasha.  (Doc. 64) That judgment awarded Plaintiff a total of
23
    $752,196.59.  (Id.)  The judgment contained no mention of Plaintiff's entitlement to real
24
    property located in Queen Creek, Arizona.
25
          On February 26, 2007, Plaintiff filed an Application for Supplemental Relief
26
    Authorized by Statute.  (Doc. 66)  According to that filing, Plaintiff is entitled to an order
27
    directing Defendants to execute a quit-claim deed transferring a parcel of land in Queen
28

1    Creek.  Plaintiff later filed a Motion to Reopen Case to Consider Verified Application for
2    Supplemental Relief Authorized by Statute.  (Doc. 67)  The motion asks the Court to reopen
3    the case to grant the additional relief concerning the property.

4        The motion to reopen does not specify which Federal Rule of Civil Procedure Plaintiff
5    believes is applicable.  The Motion to Reopen Case was filed more than ten days after entry
6    of judgment.  Thus, the motion will be construed as a request under Federal Rule of Civil
7    Procedure 60.  See Fed. R. Civ. P. 59(e) (stating motion to alter or amend judgment "shall
8    be filed no later than 10 days after entry of judgment").  Plaintiff does not claim the judgment
9    suffers from a clerical error.  Therefore, Rule 60(b) is the appropriate basis.

10       Rule 60(b) sets forth a variety of reasons a "court may relieve a party . . . from a final
11   judgment, order, or proceeding."  The only listed reason plausibly applicable in the current
12   case is the "catch-all" provision of 60(b)(6).  The Ninth Circuit, however, has cautioned that
13   Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice"
14   and should "be utilized only where extraordinary circumstances prevented a party from
15   taking timely action to prevent or correct an erroneous judgment."  Delay v. Gordon, 475
16   F.3d 1039, 1044 (9th Cir. 2007) (quoting United States v. Alpine Land & Reservoir Co., 984
17   F.2d 1047, 1049 (9th Cir. 1993)).  Reopening a case pursuant to Rule 60(b)(6) is allowed
18   only if the party is able to "demonstrate both injury and circumstances beyond [its] control
19   that prevented [it] from proceeding with the prosecution or defense of the action in a proper
20   fashion."  Id. (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).
21   Plaintiff has presented no justification for its failure to seek the land in the original judgment.
22   Also, "Rule 60(b) is available only to set aside a prior judgment or order; courts may not use
23   Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or
24   judgment."  Id. (quoting 12 Moore's Federal Practice § 60.25 (3d ed. 2004)).  In this case,

25

26

27

28

1    Plaintiff seeks to reopen the case precisely for obtaining relief beyond that obtained in the

2    original judgment.  Plaintiff is not entitled to relief pursuant to Rule 60.[1]

3         Accordingly,

4         **IT IS ORDERED** the Motion to Reopen Case (Doc. 67) is **DENIED**.

5         **IT IS FURTHER ORDERED** the Application for Supplemental Relief is **DENIED**.

6

7         DATED this 29th day of March, 2007.

8

9

10

11

12                                   Roslyn O. Silver
                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27         [1] The Court also notes that Federal Rule of Civil Procedure 64 applies to certain state
     law remedies applicable "[a]t the commencement of and during the course of an action."
28   Rule 64 does not apply here as the case is closed.

                                      - 3 -